O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUONG NGUYEN, | ) | Case No. SA CV 11-00992 DPP (FMO) |
| | ) | |
| Petitioner, | ) | **ORDER FINDING PETITION FOR WRIT** |
| | ) | **OF HABEAS CORPUS TIMELY FILED AND** |
| v. | ) | **REMANDING TO MAGISTRATE JUDGE** |
| | ) | |
| TIMOTHY E. BUSBY, | ) | [LINK TO DOCKET NUMBER 7] |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the First Amended Petition for Writ of Habeas Corpus ("Petition"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). The court respectfully disagrees with the Report dismissing the Petition with prejudice, finds that Petitioner timely filed his Petition, and remands the Petition to the Magistrate Judge for a decision on the merits.

**I.   BACKGROUND**

Petitioner Luong Nguyen is serving a state prison sentence of sixteen years to life for one count of second degree murder, committed with a deadly or dangerous weapon.  Nguyen appealed his

1  conviction and sentence to the California Courts of Appeal, which
2  affirmed the judgment on January 11, 2008.  The California Supreme
3  Court then denied Nguyen's petition for review, on April 28, 2008.
4  (Report at 2.)

5       On April 23, 2009, Petitioner, proceeding through counsel,
6  filed a habeas petition in this court pursuant to 28 U.S.C. § 2254.
7  Petitioner's counsel, however, failed to have Petitioner sign or
8  verify the petition.  The court therefore dismissed the petition
9  with leave to amend, on April 30, 2009.  Petitioner's counsel did
10 not file an amended petition, and the court therefore entered
11 judgment dismissing the petition with prejudice for failure to
12 prosecute or comply with a court order, on September 9, 2009.
13 (Id.)

14      Petitioner filed his initial petition in the instant action,
15 proceeding through the same counsel, on July 6, 2011.  Again,
16 Petitioner's counsel failed to have Petitioner sign or verify the
17 petition.  The court therefore dismissed the petition with leave to
18 amend, on July 13, 2011.  This time, Petitioner's counsel filed a
19 properly signed First Amended Petition ("Petition"), on July 18,
20 2011.  On August 19, 2011, Respondent filed a Motion to Dismiss the
21 Petition ("Motion"), asserting that the pending action is barred by
22 the one-year statute of limitations set forth in 28 U.S.C. §
23 2244(d)(1).  In response, Petitioner argues - among other things -
24 that the court should find equitable tolling.  According to
25 Petitioner's counsel, he failed to receive notice that the initial
26 2009 petition was dismissed, because he had changed his email
27 address but failed to provide the new address to the court.  (Id.
28 at 1-2, 5-6.)

2

1    There is no dispute that Petitioner timely filed the first
2   petition on April 23, 2009, but that Petitioner's current Petition
3   is untimely absent equitable tolling.

4   **II.   DISCUSSION**

5    The court finds that Petitioner is entitled to equitable
6   tolling from the timely filing of his initial petition on April 23,
7   2009, through the filing of the instant Petition in July 2011.

8    Equitable tolling is available "in appropriate cases."
9   <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  "A petitioner
10  seeking [equitable] tolling bears the burden of showing (1) that he
11  diligently pursued his rights and (2) that an extraordinary
12  circumstance prevented a timely filing."  <u>Doe v. Busby</u>, 661 F.3d
13  1001, 1011 (9th Cir. 2011).  As with "any equitable consideration,
14  whether a prisoner is entitled to equitable tolling under AEDPA
15  will depend on a fact-specific inquiry by the habeas court."  <u>Id.</u>
16  "Equitable tolling may be warranted in instances of unprofessional
17  attorney behavior; however, the AEDPA deadline will not be tolled
18  for a garden variety claim of excusable attorney neglect or
19  mistake."  <u>Id.</u> at 1011-12.  Accordingly, in such cases, "courts
20  must examine if the claimed failure was one of mere negligence by
21  the attorney, such as inadvertently miscalculating a filing
22  deadline in a non-capital case, or a sufficiently egregious misdeed
23  like malfeasance or failing to fulfill a basic duty of client
24  representation."  <u>Id.</u> at 1012 (citations omitted).

25   Here, the court finds that the conduct of Petitioner's counsel
26  was sufficiently egregious to constitute a failure to fulfill his
27  basic duty of representation.  Petitioner's counsel first failed to
28  have Petitioner sign or verify the initial, timely-filed 2009

3

1 petition, resulting in its dismissal without prejudice.  Although

2 Petitioner's counsel could have then filed an amended petition, he

3 failed to do so.  According to Petitioner's counsel, he did not

4 receive notice of the dismissal without prejudice, because he had

5 changed his email address but failed to provide the new address to

6 the court, in violation of the Federal and Local Rules.  (See Decl.

7 of Frederick L. McBride ("Counsel Decl.") ¶¶ 3-5.)[1]

8     Regardless of receipt of affirmative notice from the court,

9 however, this means that Petitioner's counsel did not check once on

10 the status of the petition, during the more than four months

11 between the April 30, 2009 dismissal without prejudice, and the

12 September 9, 2009 judgment dismissing the petition with prejudice

13 for failure to prosecute or comply with a court order.  If

14 Petitioner's counsel had instead fulfilled his responsibilities and

15 looked at the docket during this time, he would have: 1) seen the

16 dismissal with prejudice; 2) been made aware of both of his errors

17 - i.e. the failure to have Petitioner sign or verify the petition,

18 and the failure to provide a valid e-mail address; and 3) been able

19 to file a timely amended petition.

20     Petitioner's counsel then apparently continued to fail to

21 check on the status of the petition for almost two more years.

22 Indeed, "[i]t was not until "[P]etitioner's inquiry regarding the

23

24     [1]  See, e.g., Fed. R. Civ. P 11(a) ("Every pleading, written
25 motion, and other paper must be signed by at least one attorney of
   record in the attorney's name . . . [and] [t]he paper must state
26 the signer's . . . e-mail address . . . ."); Local Rule 11-3.8
   (requiring the attorney's e-mail address on the first page of all
27 documents); Local Rule 83-27 ("An attorney . . . who changes his or
   her . . . e-mail address, shall, within five (5) days of the
28 change, notify the Clerk of Court in writing . . . [and] file and
   serve a copy of the notice upon all parties.").

1  matter that [counsel] checked this Court's web site and

2  discover[ed] both [his] error and the court's response to it."

3  (Counsel Decl. ¶ 6.)  Petitioner's counsel then apparently <u>again</u>

4  failed to have Petitioner properly sign or verify the July 6, 2011

5  petition, resulting in another dismissal without prejudice.

6       The court finds that the conduct of Petitioner's counsel

7  crossed over from "garden variety . . . excusable attorney

8  neglect," into a failure of counsel to fulfill his "basic duty of

9  client representation."  <u>Doe</u>, 661 F.3d at 1011-12.  This

10  constitutes an exceptional circumstance sufficient to warrant

11  equitable tolling.[2]  The court also finds that Petitioner

12  diligently pursued his rights by: 1) hiring an attorney to file his

13  petition; 2) then checking on the status of his case, on his own

14  and within a reasonable time,[3] when his counsel failed to do so;

15  and 3) promptly advising counsel of the status of the petition.

16  The court therefore finds that Petitioner is entitled to equitable

17  tolling for the time period from Petitioner's initial habeas filing

18  on April 23, 2009, through to the filing of the instant Petition in

19  July 2011.  The Petition is therefore timely filed.

20  ///

21  ///

22  _____

23       [2]  Although not material to the court's decision, the court
    notes that Petitioner is serving a possible life sentence.  This

24  may not invoke the more lenient standard for equitable tolling in
    the death penalty context, but nonetheless merits consideration.

25       [3]  The court specifically finds, given that habeas petitions
26  are regularly pending for years, that it was reasonably diligent
    for Petitioner to check his case status on his own and notify

27  counsel within approximately two years of the initial filing.
    <u>See</u> <u>Huizar v. Carey</u>, 273 F.3d 1220, 1224 (9th Cir. 2001) (finding,

28  in the habeas context, that "twenty-one months" is "not an
    unusually long time to wait for a court's decision.").

**III. CONCLUSION**

    For the foregoing reasons, the court hereby finds that Petitioner timely filed his Petition, denies Respondent's Motion to Dismiss, and respectfully remands the Petition to the Magistrate Judge for a decision on the merits.

IT IS SO ORDERED.

Dated: October 1, 2012

                                                  DEAN D. PREGERSON
                                                United States District Judge