O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUONG NGUYEN, | ) | Case No. SA CV 11-00992 DPP (FMO) |
| Petitioner, | ) | **ORDER FINDING PETITION FOR WRIT OF HABEAS CORPUS TIMELY FILED AND REMANDING TO MAGISTRATE JUDGE** |
| v. | ) | |
| TIMOTHY E. BUSBY, Warden, | ) | [LINK TO DOCKET NUMBER 7] |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the First Amended Petition for Writ of Habeas Corpus ("Petition"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). The court respectfully disagrees with the Report dismissing the Petition with prejudice, finds that Petitioner timely filed his Petition, and remands the Petition to the Magistrate Judge for a decision on the merits.

**I.   BACKGROUND**

Petitioner Luong Nguyen is serving a state prison sentence of sixteen years to life for one count of second degree murder, committed with a deadly or dangerous weapon. Nguyen appealed his

conviction and sentence to the California Courts of Appeal, which affirmed the judgment on January 11, 2008.  The California Supreme Court then denied Nguyen's petition for review, on April 28, 2008. (Report at 2.)

On April 23, 2009, Petitioner, proceeding through counsel, filed a habeas petition in this court pursuant to 28 U.S.C. § 2254. Petitioner's counsel, however, failed to have Petitioner sign or verify the petition.  The court therefore dismissed the petition with leave to amend, on April 30, 2009.  Petitioner's counsel did not file an amended petition, and the court therefore entered judgment dismissing the petition with prejudice for failure to prosecute or comply with a court order, on September 9, 2009. (Id.)

Petitioner filed his initial petition in the instant action, proceeding through the same counsel, on July 6, 2011.  Again, Petitioner's counsel failed to have Petitioner sign or verify the petition.  The court therefore dismissed the petition with leave to amend, on July 13, 2011.  This time, Petitioner's counsel filed a properly signed First Amended Petition ("Petition"), on July 18, 2011.  On August 19, 2011, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the pending action is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  In response, Petitioner argues - among other things - that the court should find equitable tolling.  According to Petitioner's counsel, he failed to receive notice that the initial 2009 petition was dismissed, because he had changed his email address but failed to provide the new address to the court.  (Id. at 1-2, 5-6.)

There is no dispute that Petitioner timely filed the first petition on April 23, 2009, but that Petitioner's current Petition is untimely absent equitable tolling.

**II. DISCUSSION**

The court finds that Petitioner is entitled to equitable tolling from the timely filing of his initial petition on April 23, 2009, through the filing of the instant Petition in July 2011.

Equitable tolling is available "in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "A petitioner seeking [equitable] tolling bears the burden of showing (1) that he diligently pursued his rights and (2) that an extraordinary circumstance prevented a timely filing." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). As with "any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court." Id. "Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." Id. at 1011-12. Accordingly, in such cases, "courts must examine if the claimed failure was one of mere negligence by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, or a sufficiently egregious misdeed like malfeasance or failing to fulfill a basic duty of client representation." Id. at 1012 (citations omitted).

Here, the court finds that the conduct of Petitioner's counsel was sufficiently egregious to constitute a failure to fulfill his basic duty of representation. Petitioner's counsel first failed to have Petitioner sign or verify the initial, timely-filed 2009

3

petition, resulting in its dismissal without prejudice. Although Petitioner's counsel could have then filed an amended petition, he failed to do so. According to Petitioner's counsel, he did not receive notice of the dismissal without prejudice, because he had changed his email address but failed to provide the new address to the court, in violation of the Federal and Local Rules. (See Decl. of Frederick L. McBride ("Counsel Decl.") ¶¶ 3-5.)[1]

Regardless of receipt of affirmative notice from the court, however, this means that Petitioner's counsel did not check <u>once</u> on the status of the petition, during the more than four months between the April 30, 2009 dismissal without prejudice, and the September 9, 2009 judgment dismissing the petition with prejudice for failure to prosecute or comply with a court order. If Petitioner's counsel had instead fulfilled his responsibilities and looked at the docket during this time, he would have: 1) seen the dismissal with prejudice; 2) been made aware of both of his errors - i.e. the failure to have Petitioner sign or verify the petition, and the failure to provide a valid e-mail address; and 3) been able to file a timely amended petition.

Petitioner's counsel then apparently continued to fail to check on the status of the petition for almost <u>two more years</u>. Indeed, "[i]t was not until "[P]etitioner's inquiry regarding the

---

[1] See, e.g., Fed. R. Civ. P 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . [and] [t]he paper must state the signer's . . . e-mail address . . . ."); Local Rule 11-3.8 (requiring the attorney's e-mail address on the first page of all documents); Local Rule 83-27 ("An attorney . . . who changes his or her . . . e-mail address, shall, within five (5) days of the change, notify the Clerk of Court in writing . . . [and] file and serve a copy of the notice upon all parties.").

4

matter that [counsel] checked this Court's web site and discover[ed] both [his] error and the court's response to it." (Counsel Decl. ¶ 6.)  Petitioner's counsel then apparently <u>again</u> failed to have Petitioner properly sign or verify the July 6, 2011 petition, resulting in another dismissal without prejudice.

The court finds that the conduct of Petitioner's counsel crossed over from "garden variety . . . excusable attorney neglect," into a failure of counsel to fulfill his "basic duty of client representation." <u>Doe</u>, 661 F.3d at 1011-12.  This constitutes an exceptional circumstance sufficient to warrant equitable tolling.[2]  The court also finds that Petitioner diligently pursued his rights by: 1) hiring an attorney to file his petition; 2) then checking on the status of his case, on his own and within a reasonable time,[3] when his counsel failed to do so; and 3) promptly advising counsel of the status of the petition. The court therefore finds that Petitioner is entitled to equitable tolling for the time period from Petitioner's initial habeas filing on April 23, 2009, through to the filing of the instant Petition in July 2011.  The Petition is therefore timely filed.

///
///

---

[2] Although not material to the court's decision, the court notes that Petitioner is serving a possible life sentence.  This may not invoke the more lenient standard for equitable tolling in the death penalty context, but nonetheless merits consideration.

[3] The court specifically finds, given that habeas petitions are regularly pending for years, that it was reasonably diligent for Petitioner to check his case status on his own and notify counsel within approximately two years of the initial filing. See <u>Huizar v. Carey</u>, 273 F.3d 1220, 1224 (9th Cir. 2001) (finding, in the habeas context, that "twenty-one months" is "not an unusually long time to wait for a court's decision.").

**III. CONCLUSION**

For the foregoing reasons, the court hereby finds that Petitioner timely filed his Petition, denies Respondent's Motion to Dismiss, and respectfully remands the Petition to the Magistrate Judge for a decision on the merits.

IT IS SO ORDERED.

Dated: October 1, 2012

                                        DEAN D. PREGERSON
                                        United States District Judge